# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*June 30, 2020*

David J. Bradley, Clerk of Court

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
The residence and curtilage of 3007 Friar Point Road, )
Houston, Texas )
)

Case No. **4:20-mj-1162**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Latimer Baker

located in the  Southern  District of  Texas , there is now concealed *(identify the person or describe the property to be seized)*:

The residence and curtilage of 3007 Friar Point Road, Houston, Texas

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in possession of a firearm with outstanding judgment and conviction order |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ JMBrown*
*Applicant's signature*

Deputy United States Marshal Jonathan Brown
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone  *(specify reliable electronic means)*.

Date: 06/30/2020

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge

City and state: Houston, Texas          Hon. France H. Stacy, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF AN ARREST WARRANT FOR LATIMER BAKER | Case No. **4:20-mj-1162** |

**AFFIDAVIT IN SUPPORT
OF AN SEARCH AND SEIZURE AND ARREST WARRANT**

I, Jonathon Brown, being first duly sworn, hereby depose and state as follows:

1. I am a Deputy United States Marshal (DUSM) for the United States Marshals Service and have been so employed since 2010. I am assigned to the Gulf Coast Violent Offenders and Fugitive Task Force in the Southern District of Texas. In accordance with the performance of my duties, I am assigned to locate and apprehend fugitives, conduct criminal investigations, and make arrests in accordance with the same. Prior to becoming a Deputy U.S. Marshal, I served as a Conroe Police Officer for over 5 years.

2. On June 26, 2020, I was contacted by DUSM Corbett from the Eastern District of Texas, Tyler Division in reference to the erroneous release of Latimer BAKER by State of Texas authorities. Specifically, on Feburary 4, 2020, BAKER was sentenced in federal court to 96 months by Judge Jeremy Kernodle for possession of a firearm by a convicted felon. *See* Attachment. This is the Order of the Court that forms the basis of the Arrest and Search and Seizure Warrants being sought.

3. On February 12, 2020, BAKER was returned from federal custody to the custody of Van Zandt County Jail pursuant to a Writ of Habeas Corpus Ad Prosequendum return along with a USM-16B Detainer Based on a Federal Judgement and Commitment.

4. On June 25, 2020 an audit was conducted of the aforementioned detainer file which revealed BAKER was released to the custody of the Texas Department of Criminal Justice Gurney Unit on or about March 3, 2020. Information further indicates that the USM-16B Detainer Based on Federal Judgment and Commitment failed to transfer along with BAKER for reasons unknown. This resulted in BAKER's erroneous release from confinement.

5. BAKER was released from the Texas Department of Criminal Justice with a GPS monitor and, according to his records associated with that releas and GPS monitoring, is currently believed to be residing at 3007 Friar Point Road Houston, Texas 77051, which is within the Southern District of Texas, Houston Division. Thus, I am requesting the issuance of an arrest warrant such that he may be arrested pursuant to the attached Order.

1

6. In addition, I am request a Search and Seizure Warrant for 3007 Friar Point Road, Houston, Texas, so as to search that location for BAKER and to seize BAKER at that location if he is found therein.

7. Prior to submitting this affidavit, I conferred with Assistant United States Attorneys Adam Goldman, Richard Berry, and John Reed, who stated that, although a warrant may not been needed to effectuate an arrest of BAKER pursuant to *Jenkins v. Currier*, 514 F.3d 1030, 1034 (10th Cir. 2008), one should nevertheless be sought and obtained as a prophylactic measure.

8. I respectfully submit that this affidavit supports probable cause for an arrest warrant for LATIMER BAKER pursuant to the attached Judgment and Conviction, which is an Order of a Court.

Respectfully submitted,

_____
Jonathon Brown
Deputy
United States Marshal Service

Sworn and subscribed to me telephonically on June 30, 2020, and I find probable cause exists.

Frances H. Stacy
United States Magistrate Judge

**U.S. Department of Justice**
United States Marshals Service



# DETAINER
## BASED ON FEDERAL JUDGMENT AND COMMITMENT

United States Marshal
Eastern District of Texas
*(District)*

211 West Ferguson Street
Tyler, Texas 75702
903-590-1370/Fax 903-590-1384

*(Return Address and Phone)*

*Please type or print neatly::*

TO: Van Zandt County Jail

DATE: 02/12/2020
SUBJECT: BAKER, LATIMER LABAN
AKA:
DOB/SSN: 04/03/1973    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
REF. # FID: 10718464
USMS #: 28727-078
CR #: 6:19-CR-00033

Please accept this Detainer against the above-named subject who is currently in your custody. The United States District Court for the ___Eastern___ District of ___Texas___ has issued a **Judgment and Commitment Order** against the subject. The attached **Judgment and Commitment Order** commits the subject to the custody of the U.S. Attorney General to serve the following sentence of imprisonment:

96 months.

Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject for service of his Federal sentence of imprisonment. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible. The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer.

Please acknowledge receipt of this Detainer. In addition, please provide one copy of the Detainer to the subject and return one copy of the Detainer to this office in the enclosed self-addressed envelope.

**RECEIPT**
Date: 2/12/2020
Signed: *Jacob Smith*
By: Jacob Smith
Title: Captain

Very truly yours,

*Melanie Woloszyn* (Signature)

John M. Garrison
U.S. Marshal

Requested by: Melanie Woloszyn, Investigative Analyst

Form USM-16B
Rev. 04/05

Case 6:19-cr-00033-JDK-JDL Document 39 Filed 02/04/20 Page 1 of 7 PageID #: 144

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS TYLER DIVISION

| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | § § § | |
| | § | Case Number: **6:19-CR-00033-JDK-JDL(1)** |
| **LATIMER LABAN BAKER** | § | USM Number: **28727-078** |
| | § | **Carlo D'Angelo** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **Count 2 of the Indictment** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:922 -Felon in Possession of a Firearm | 10/12/2018 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) remaining ☐ is ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 4, 2020
Date of Imposition of Judgment

Signature of Judge

**JEREMY D. KERNODLE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

February 4, 2020
Date

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                              Judgment -- Page 2 of 7

DEFENDANT: LATIMER LABAN BAKER
CASE NUMBER: 6:19-CR-00033-JDK-JDL(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**96 months. The defendant shall be given credit for time served from November 16, 2018. The term of imprisonment imposed by this judgement shall run consecutively with any sentence imposed in Cause Number 30902, 3rd Judicial District Court, Anderson County, Texas.**

☒ The court makes the following recommendations to the Bureau of Prisons:
   **The Court recommends to the Bureau of Prisons that the defendant be designated to Fort Worth Medical Center in Ft. Worth, Texas, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____  ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                      Judgment -- Page 3 of 7

DEFENDANT:        LATIMER LABAN BAKER
CASE NUMBER:      6:19-CR-00033-JDK-JDL(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case

Judgment -- Page 4 of 7

DEFENDANT: LATIMER LABAN BAKER
CASE NUMBER: 6:19-CR-00033-JDK-JDL(1)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                  Judgment -- Page 5 of 7

DEFENDANT:        LATIMER LABAN BAKER
CASE NUMBER:      6:19-CR-00033-JDK-JDL(1)

## SPECIAL CONDITIONS OF SUPERVISION

You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 6 of 7

DEFENDANT:         LATIMER LABAN BAKER
CASE NUMBER:       6:19-CR-00033-JDK-JDL(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|        | Assessment | Restitution | Fine     | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|----------|------------------|-------------------|
| TOTALS | $100.00    | $.00        | $100.00  | $.00             | $.00              |

☐ The determination of restitution is deferred until   An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LATIMER LABAN BAKER
CASE NUMBER: 6:19-CR-00033-JDK-JDL(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payments of $ 100.00 due immediately, balance due

  ☐ not later than _____ , or

  ☒ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
  **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 2, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
  See above for Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
  **Firearm/Ammunition:**
  Any and all firearms, ammunition and accessories, including, but not limited to, the following:
  (1) Smith & Wesson, model MP-15-22, .22 caliber rifle, bearing serial number DFD3688;
  (2) Bryco, .380 caliber pistol, bearing serial number 1341828; and
  (3) 21 rounds of Winchester-Western .22 caliber ammunition.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.